IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA L. SHAW, et al., | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | |
| v. | Civil Action No. 11-276 (JBS/JS) |
| SCOTT OBERMIER, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Ms. Melissa L. Shaw
50 Dorchester Circle
Marlton, NJ 08053
      Plaintiff, pro se

Mr. Salahuddin F. Smart
2648 South 7th Street
Philadelphia, PA 19148
      Plaintiff, pro se

Paola F. Kaczynski, Esq.
WILLIAM J. FERREN & ASSOCIATES
1500 Market Street, Suite 2920
Philadelphia, PA 19102
      Attorney for Defendants Scott Obermier, Richard Worst, Mark
      Pickard, Mario Straccialini, James W. Shriver, Harry Earle,
      and Chief of Police

**SIMANDLE, Chief Judge:**

**I.    INTRODUCTION**

       This opinion addresses the main issue of whether the case
of a pro se plaintiff who repeatedly fails to appear for court-
ordered conferences should be dismissed for plaintiff's failure
to prosecute.

This matter comes before the Court on the motion of Defendants Scott Obermier, Richard Worst, Mark Pickard, Mario Straccialini, James W. Shriver, Harry Earle, and Chief of Police to dismiss for lack of prosecution against Plaintiff Melissa Shaw.[1] [Docket Item 72.] This action arises from two traffic stops in Gloucester Township in the early morning of November 10, 2010 which followed observations by the local police of suspected drug activity involving pro se Plaintiffs Melissa Shaw and Salahuddin Smart. Prior to the traffic stops, detectives conducting surveillance in the area observed Plaintiff Smart in the parking lot of a Howard Johnson Motel entering a vehicle operated by Plaintiff Shaw and returning to his vehicle, which was later revealed to be a vehicle rented by Plaintiff Shaw. Ultimately, both Plaintiff Smart and his passenger, Melissa Librojo, were charged with possession of a controlled substance.

In this consolidated action, Plaintiffs assert claims under 42 U.S.C. § 1983 for alleged violations of their 4th Amendment rights stemming from the traffic stop and subsequent criminal prosecution. In the instant motion, Defendants seek dismissal of Plaintiff Shaw's claims under Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984) because she has repeatedly ignored the Court's orders and failed to appear at court-

---

[1] Defendants' motion seeks dismissal of Plaintiff Shaw's claims only.

scheduled conferences and her own deposition despite the threat
of sanctions, including dismissal.

For the foregoing reasons, the Court will grant Defendants'
motion and dismiss Plaintiff Shaw's case in its entirety with
prejudice.

## II.  BACKGROUND

### A. Facts

The Court recounts the following facts from Plaintiffs'
Amended Complaint only to provide background for the instant
motion. In the early morning hours of November 10, 2010,
detectives from the Gloucester Township Police Department
("GTPD") were conducting surveillance in an area known for
criminal activity near the Howard Johnson Motel in Gloucester
Township. The detectives observed a car driven by Plaintiff
Smart circle the Howard Johnson's parking lot repeatedly before
ultimately parking next to second vehicle, a white SUV driven by
Plaintiff Shaw, which pulled to the rear of the lot. The
detectives watched as Plaintiff Smart entered the rear passenger
compartment of the white SUV, returned to his vehicle, then
entered the white SUV a second time before returning to his
vehicle and exiting the parking lot. The detectives positively
identified Smart, who was known to them due to previous
encounters and arrests for criminal activity. Detectives
believed Plaintiff Smart's license was suspended and called for

his vehicle to be stopped. During the stop, Smart and his passenger were ordered to exit the vehicle. Upon being advised that a female officer was going to conduct a pat down of her person, the passenger, Melissa Librojo, stated that she placed a bag down the front of her pants. She was then found in possession of two plastic bags containing small pills. The officers conducted a K-9 search of the perimeter of the vehicle which indicated negative results. Both Smart and Librojo were charged with possession of a controlled substance.

That same evening, members of the GTPD also executed a traffic stop of the white SUV driven by Plaintiff Shaw. During the stop, Shaw explained that she worked for an assisted living facility and she had just picked up a patient who was sitting in the passenger seat. Shaw consented to a search of her vehicle, but no contraband was found. When asked about her stop at the Howard Johnson parking lot, Shaw explained that she met Smart there because she rented the car Smart was driving and he gave her money. Shaw also consented to a search of the vehicle Smart was driving, but no contraband was found. Shaw was not arrested or charged with a crime.

**B. Procedural background**

Plaintiffs Shaw and Smart initiated separate actions on January 18, 2011 and February 9, 2011 respectively. On March 15, 2011, Shaw and Smart filed an Amended Complaint in <u>Shaw v.</u>

4

Obermier, Civil No. 11-276 (JBS/JS). [Docket Item 6.] On that same date, Plaintiffs filed an unopposed motion to consolidate the later-filed action Smart v. Pickard, Civil No. 11-743 (RBK/AMD) with Shaw v. Obermier, Civil No. 11-276 (JBS/JS), which the Court granted on April 6, 2011. [Docket Item 9.] Shaw appeared at the initial conference on May 18, 2011. Defendants then answered the Amended Complaint on September 12, 2011. [Docket Item 15.]

On November 7, 2011, Magistrate Judge Schneider issued an order to show cause as to why Plaintiffs Shaw and Smart should not be sanctioned for failing to appear at the status conference scheduled for November 3, 2011. [Docket Item 16.] Judge Schneider's order scheduled a show cause hearing for December 15, 2011 and noted that "failure to appear in response to this Order to Show Cause may result in the imposition of sanctions. If Plaintiffs do not appear in response to this Order, this will indicate to the Court that plaintiffs have abandoned their case. The Court may thereafter recommend that the case be dismissed." Both Plaintiffs appeared at the December 15 hearing.

On August 21, 2012, after Plaintiffs Shaw and Smart failed to appear at a status conference scheduled for August 16, 2012,[2]

---

[2] Judge Schneider denied Plaintiff Shaw's request to adjourn the August 16, 2012 conference and expressly directed Shaw to attend despite her contention that Plaintiff Smart was in custody. [Docket Item 35.]

Judge Schneider issued a second order to show cause noting the possibility of sanctions.[3] [Docket Item 37.] Plaintiff Shaw failed to appear at the subsequent show cause hearing scheduled for September 13, 2012. Thereafter, Judge Schneider ordered the case to be administratively terminated without prejudice due to Smart's incarceration and "the fact that Melissa L. Shaw has ignored the Court's Orders to appear." [Docket Item 41.]

Upon Smart's release from custody, the Court reopened the case upon the docket. [Docket Item 43.] After Plaintiffs Shaw and Smart failed to appear at the next scheduled status conference, Judge Schneider issued a third order to show cause as to why Plaintiffs should not be sanctioned due their unexcused absences. [Docket Item 45.] On December 17, 2012, Judge Schneider cancelled the good cause hearing scheduled for the next day and entered a second order administratively terminating the case due to Plaintiff Smart's incarceration and Plaintiff Shaw's repeated failure to appear. [Docket Item 50.]

On August 13, 2013, Judge Schneider reopened the case and scheduled a status conference for September 30, 2013, at which Plaintiff Shaw failed to appear, prompting a fourth order to show cause. [Docket Item 58.] Again, the Court made clear that failure to appear may result in the imposition of sanctions,

---

[3] Judge Schneider vacated the order to show cause as to Plaintiff Smart only after Smart explained that he was incarcerated at the Camden County Correctional Facility. [Docket Item 39.]

including dismissal. Plaintiff Shaw appeared at the show cause
hearing on September 30, 2013 and no sanctions were imposed.
[Docket Item 64.] Shaw indicated that she understood that she
must appear in-person at a status conference scheduled for
December 17, 2013. Nevertheless, Shaw failed to appear on
December 17th. [Docket Item 70.] Defendants represent to the
Court that Plaintiff Shaw also failed to appear at her
deposition scheduled for January 27, 2014.

On January 29, 2014, Defendants filed the instant motion to
dismiss for lack of prosecution against Plaintiff Shaw. [Docket
Item 72.] Plaintiff Shaw filed opposition [Docket Item 74] and
Defendants filed a reply [Docket Item 75.] On March 15, 2014,
Defendants filed two motions for summary judgment as to
Plaintiff Smart's claims. [Docket Items 86 & 87.] On July 11,
2014, Plaintiff Smart filed a motion for leave to file an all-
inclusive second amended complaint. [Docket Item 103.] This
opinion only addresses Defendants' motion to dismiss for lack of
prosecution as to Plaintiff Shaw.

**III. STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 41(b), a defendant may move to
dismiss an action or any claim against it "if the plaintiff
fails to prosecute or to comply with [the Federal Rules of Civil
Procedure] rules or a court order." The Third Circuit has noted
that "dismissal is a drastic sanction and should be reserved for

7

those cases where there is a clear record of delay or
contumacious conduct by the plaintiff." Poulis v. State Farm
Fire & Cas. Co., 747 F.2d 863, 866 (3d Cir. 1984). However,
dismissal is appropriate if a party fails to prosecute the
action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d
Cir. 1995). Failure to prosecute does not require a party to
affirmatively delay the case. Failing to comply with court
orders, failing to respond to discovery, or otherwise failing to
act may constitute lack of prosecution. Adams v. Trustees of the
New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863,
875 (3d Cir. 1994). In determining whether dismissal is an
appropriate sanction, courts generally consider the factors
outlined in Poulis. The six Poulis factors are: (1) the extent
of the party's personal responsibility; (2) prejudice to the
adversary; (3) a history of dilatoriness; (4) whether the
conduct was willful or in bad faith; (5) availability of
alternative sanctions; and, (6) the meritoriousness of the
claim. Poulis, 747 F.2d at 868. "Not all of these factors need
be met for a district court to find dismissal is warranted."
Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

**IV.   DISCUSSION**

   **A. Defendants' motion for sanctions**

   Defendants request that the Court dismiss Plaintiff Shaw's
suit in its entirety as a sanction for her repeated failure to

comply with the Court's orders and repeated unexcused absences from court-scheduled conferences, show cause hearings, and her own deposition. In response, Plaintiff Shaw provides no explanation for her defiance of court orders and her recurrent absences. Shaw only addresses her failure to appear at her deposition scheduled for January 27, 2014 and claims she was unaware that it had been rescheduled for that date. A review of the Poulis factors shows that dismissal with prejudice is proper.

### 1. Plaintiff's personal responsibility

Plaintiff Shaw, as a pro se litigant, is solely responsible for her failure to comply with the Court's orders. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). Shaw has provided no explanation in opposition to Defendants' motion regarding her unexcused absences from status conferences which led to four orders to show cause. Moreover, Shaw has not explained why she failed to appear at the show cause hearing scheduled for September 13, 2012 and why she failed to appear at the December 17, 2013 status conference after Judge Schneider declined to impose sanctions and expressly informed Shaw of her

obligation to attend. As such, the Court finds that Plaintiff Shaw is personally responsible for her willful failure to comply with the Court's orders and repeated absences.

### 2. Prejudice to defendants

The prejudice to Defendants caused by Plaintiff's failure to comply with the Court's orders and continued failure to appear supports dismissal. The Third Circuit has instructed that "prejudice is not limited to 'irremediable' or 'irreparable' harm" and "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Briscoe, 538 F.3d at 259 (internal citation and quotation omitted). Plaintiff's refusal to appear at status conferences has impeded Defendants' ability to defend this case. The four orders to show cause have required defense counsel to travel to Camden, New Jersey and wait for Plaintiff Shaw to appear, resulting in the unnecessary expense of Defendants' time and resources. Importantly, the discovery deadline in this matter was set for February 14, 2014, and Plaintiff Shaw's failure to appear at her deposition scheduled for January 27, 2014, coupled with her departure from New Jersey for one month thereafter, prevented Defendants from taking Shaw's deposition in a timely fashion. Therefore, the Court finds that Plaintiff Shaw's conduct has prejudiced Defendants.

### 3. History of dilatoriness

In addition to her failure to appear at her deposition,
Plaintiff Shaw's failure to appear at status conferences
resulted in four orders to show cause. Although Shaw appeared at
three of the subsequent show cause hearings, she failed to
appear at the show cause hearing on September 13, 2012. After
Judge Schneider accepted Shaw's explanations for her prior
absenteeism at the September 30, 2013 show cause hearing, she
failed to appear at the next scheduled status conference which
Shaw was explicitly directed to attend in-person. Moreover, the
Court rejects Plaintiff Shaw's explanation for neglecting to
appear at her deposition on January 27, 2014. The Court
recognizes that the deposition was initially scheduled for
January 22, 2014, but cancelled due to inclement weather.
However, Defendants represent that they informed Shaw of the
need to reschedule the deposition for January 27, 2014 by
sending an email to Shaw at an email address she had recently
used to correspond with defense counsel. It is noteworthy that
defense counsel chose to reschedule the deposition in short
order due to Shaw's intention to leave the state for one month
beginning January 28, 2014. Defense counsel chose to communicate
via email due to the urgency of the matter in light of the
February 14, 2014 discovery deadline. In light of the foregoing,
it is clear that Plaintiff Shaw has an extensive history of

dilatoriness, absenteeism, and defiance of court orders that weighs in favor of dismissal.

### 4. Willfulness or bad faith

Plaintiff Shaw's misconduct in this case has been willful and in bad faith. If Shaw's willful neglect of this action was not clear enough in the need for four orders to show cause why she failed to appear at court-scheduled conferences, her failure to appear at her own deposition manifested her neglect of and disregard for this action. As such, her significant history of noncompliance with the Court's orders demonstrates bad faith. Plaintiff Shaw has flouted numerous court orders despite clear warnings that noncompliance could result in sanctions, including dismissal. Shaw's failure to appear at her own deposition suggests willfulness and bad faith, which viewed together with her unexcused absences from numerous status conferences, weighs in favor of dismissal.

### 5. Availability of alternative sanctions

Because Plaintiff Shaw has repeatedly ignored the Court's orders, the Court finds that dismissal is the only effective sanction. This action has been administratively terminated on two occasions due in part to Plaintiff Shaw's unexcused absences. After the fourth order to show cause, Judge Schneider declined to impose sanctions and Plaintiff Shaw continued her dilatory and recalcitrant behavior. Plaintiff's repeated and

continuing disregard for the Court's orders and disregard for Defendants' right to defend this matter confirms that no sanction short of dismissal would be effective. Shaw has chosen to be defiant and obstructive in pursuit of her case and there is no prospect that giving her another chance would result in anything other than a waste of time and resources.

### 6. Defendants' meritorious defenses

This final Poulis factor also weighs in favor of dismissal because Defendants have a meritorious defense to Plaintiff Shaw's claims that would constitute a complete defense. As the Poulis Court noted, "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70. Defendants contend that they maintain a meritorious defense to Plaintiff Shaw's claims because she consented to the search of her vehicle. Plaintiffs' Amended Complaint asserts a slew of claims against members of the GTPD, including violations of their 4th Amendment rights against unreasonable searches and seizures, false arrest, and malicious prosecution. It is clear from Plaintiffs' allegations and the attached police reports that Plaintiff Shaw was never arrested and never charged with a crime. Accordingly, her claims appear limited to the alleged 4th Amendment violations. Both police reports attached to the

13

Amended Complaint make clear that police observed what they suspected was criminal activity and Plaintiff Shaw consented to the search of both her vehicle and that driven by Plaintiff Smart. In her opposition, Plaintiff Shaw has provided no support for her contention that the search was not voluntary. Because it appears that Defendants have a bona fide claim or defense that ordinarily would deserve to be adjudicated on the merits, the Court finds that this final Poulis factor weighs in favor of dismissal.

Having considered the Poulis factors and finding that they all weigh in favor of dismissal, the Court concludes that dismissal of Plaintiff Shaw's suit is warranted.

V.   **CONCLUSION**

For the reasons discussed above, the Court will grant Defendants' motion to dismiss for lack of prosecution and dismiss Plaintiff Shaw's suit in its entirety with prejudice. An accompanying Order will be entered.


**August 6, 2014**                    **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                      Chief U.S. District Judge


14